# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

## ORIN DANIELS v. COUNTY OF POLK.[1]

January 26, 1912.

Nos. 17,375—(198).

**Cost of keeping prisoners — liability of foreign county.**

Where prisoners are confined in a county jail other than in the county in which their offense was committed, under the statute in such cases provided, the county in which the offense was committed is solely liable for the cost and expense incident to such confinement.

**Same — action by sheriff.**

Where expense is incurred by the sheriff of the county having charge of the prisoners, not specifically fixed and provided for by section 5474, R. L. 1905, a claim therefor must be presented to the other county for allowance, and the sheriff cannot maintain an action against his own county therefor.

Action in the district court by the sheriff of Polk county to recover $596.50, expenses incurred in transportation of eleven prisoners in obedience to writs of habeas corpus issued from the United States District Court for the district of Minnesota. From an order,

[1]Reported in 134 N. W. 290.

117 M.—1.

Watts, J., sustaining defendant's demurrer to the complaint, plaintiff appealed.   Affirmed.

*W. E. Rowe,* for appellant.

*Eric O. Hagen,* for respondent.

BROWN, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint.

The short facts are as follows: Plaintiff is the sheriff of Polk county, and as such the keeper of the common jail therein.   In October, 1909, certain persons were arrested under warrants issued by a justice of the peace of Mahnomen county, charging them with the wilful destruction of property, who, for want of a jail in that county, were, under the statutes in such cases provided, duly committed to the common jail of Polk county for safe-keeping, to await the action of the grand jury.   Plaintiff, as sheriff, duly received the prisoners, and thereafter confined them in his jail as required by law.   During their confinement in said jail certain writs of habeas corpus were sued out of and from the United States District Court for the district of Minnesota, commanding plaintiff to produce the prisoners before the court on a day named at the city of Duluth, then and there to be dealt with according to the law.   Plaintiff complied with the writs, and in doing so incurred certain expenses in the transportation of the prisoners, amounting in the aggregate to $590.   He presented a claim therefor to the board of commissioners of Polk county, and it was disallowed.   He thereafter brought this action to recover the same, and the court below held, in sustaining the demurrer to his complaint, that the county of Polk was not liable; that plaintiff's remedy was against Mahnomen county.

We are of the opinion, and so hold, that the court below properly sustained the demurrer.

Section 5474, R. L. 1905, disposes of the question whether Polk or Mahnomen county is liable for expenditures of this character adversely to plaintiff's contention.   That statute provides that, whenever any prisoner is ordered confined in a county other than that in which his offense was committed, the sheriff of such county shall keep him

at the expense of the county sending him. It further provides that the sheriff shall collect from the sending county specified amounts for each prisoner per day, and in addition thereto such sum as shall necessarily have been paid out for clothing, bedding, and medical aid for the prisoners. The same section also provides that the board of county commissioners of the county so sending the prisoners shall, at their first session after their commitment, authorize the auditor of their county to issue to the sheriff of the other county orders upon the treasurer for the payment of the expense so incurred.

There can be no question that the legislature intended by this statute to impose upon the sending county all expenses necessarily incident to the care, custody, and maintenance of the prisoners so confined, and to relieve entirely the other county from the payment of any part thereof. In fact, counsel for plaintiff conceded in his brief that Mahnomen county was ultimately liable, but insisted that the liability exists in favor of Polk county, and not in favor of the sheriff. This, of course, assumes that the receiving county in such cases will pay all such expenses, and subsequently present a claim therefor to the sending county. This, probably, is the proper practice in so far as concerns the amounts expressly prescribed by section 5474 for the board of the prisoners.

But it is far from clear that the legislature so intended as respects unliquidated expenditures, such as for clothing and medical aid to the confined prisoners, or expenses like those incurred in the case at bar. If, as to such claims, the receiving county may determine the necessity and value of services so rendered, the sending county is afforded no opportunity to be heard upon the question, but must of necessity pay, because the other county has previously determined the amount and propriety of the charge. If the legislature intended by the statute to provide for the allowance by one county board of claims properly chargeable to another, it should have been expressed in some clearer language than that now found in the statutes pertinent to the subject. To avoid a situation of this kind, it must be held that claims of this character, the amount of which is not expressly directed by law to be paid, must be presented to and acted upon by the county from which the prisoners are committed, and that no liability what-

ever attaches to the county in which they are confined. This may, perhaps, cast an extra burden upon the sheriff in the collection of such claims; but it is one attached to the office, and of inconvenience only. The sending county is liable to him, as sheriff, for his legal charges, and he may enforce the claim in the manner prescribed by law for the enforcement of like claims.

By this procedure the county chargeable with payment is afforded an opportunity of determining whether the expenditures made are proper and necessary, and a legal charge against the county, and not leave its liability dependent upon the adjudication of a county board not chargeable with payment, and under no responsibility in respect to the same.

Order affirmed.